**LEE HIN v. UNITED STATES. ***

No. 7403.

Circuit Court of Appeals, Ninth Circuit.

Dec. 21, 1934.

See, also, (C. C. A.) 72 F.(2d) 60.

E. J. Botts, of Honolulu, T. H., for appellant.

Sanford B. D. Wood, U. S. Atty., and Ed Towse, Asst. U. S. Atty., both of Honolulu, T. H., and H. H. McPike, U. S. Atty., of San Francisco, Cal.

Before WILBUR and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

The question involved in this case is whether or not Lee Hin was born in the Hawaiian Islands. He testified that he was born there; that his father and mother both died before he was old enough to know anything about them. He was about five years old at the time of his father's death. Two witnesses testified they had known the appellant from the time he was five or six years of age. Another witness testified she had known him from the time he was ten years of age. There were only three witnesses and they all agree that the appellant was brought up in the family of a Chinese named Wong Heong. The appellant testified that his father's name was Lee Yew, and that he had no brothers and sisters. One witness testified that Wong Heong told her that the appellant's father's name was Lee Yew. Another witness testified that appellant's father's name was Lee Yew and that he was a rice planter on Kauai. He testified that the appellant was born on Kauai, but in response to the question as to how he knew that fact he replied that the people who were working on the rice plantation with him told him so. This witness testified that he knew Lee Yew, the father, personally, but had never seen the defendant living with him.

The government introduced no proof. Wong Heong, the testimony showed, had returned to China about four months before the appellant was arrested. The testimony is summed up in the opinion of the trial judge

*Rehearing denied March 27, 1935.

which is printed in the transcript. The court held that the testimony of all the witnesses to the effect that the appellant was born within the territory and that his father was Lee Yew is pure hearsay and does not fall within the hearsay exception applied to matters of pedigree. The court said: "All that the competent evidence in the case shows, if it be all accepted as true, is that defendant, from the age of about five or six, has lived within the Territory of Hawaii. How he came to be here, whether by birth in an outlying island, or whether smuggled in as a child, from China, remains entirely speculative. * * * All that is disclosed by any competent legal evidence in this case is that defendant has resided in Hawaii from the age of five or six years to date."

It is true that the burden is upon the Chinese to establish his right to remain in the territory, and that the question in the case at bar is whether this presumption has been overcome. That question is primarily for the trial judge. The age of the appellant has been given as 25. According to the undisputed evidence he has resided in the Islands for at least 20 years. He has produced evidence of a number of witnesses who knew him and knew of his continuous residence in the Island during a period of 20 years. He took the stand and testified to his own belief concerning his place of birth. This evidence, of course, was hearsay, but nevertheless it is the type of hearsay which is permitted. U. S. v. Wong Gong (C. C. A.) 70 F.(2d) 107. There is nothing in the case to indicate that the appellant sought by making a meager prima facie showing to shift the burden of proof upon the government, as was the case in Hung You Hong v. U. S. (C. C. A.) 68 F.(2d) 67. In the case at bar, so far as appears, the appellant produced all the testimony that could reasonably be expected of him concerning his place of birth, the various places where he had been employed, the people with whom he worked, and the names of his employers. He was unable to secure the testimony of the man who had reared him because of his absence in China.

In considering these cases the rule is well established that the evidence must be weighed in the light of the defendant's ability to produce evidence. Hung You Hong v. U. S., supra. We think the testimony of the appellant that he was born in the Hawaiian Islands, coupled with undisputed evidence that he has been in the Islands since he was five years of age, and the statement of his whereabouts during that entire period, together with the statements of his custodian during his early infancy concerning his parentage and place of birth, are sufficient to overcome the presumption cast upon him by the government to establish his right to remain in the Islands.

Order of deportation reversed.