## CHIN MING HEE v. PROCTOR, Com'r of Immigration.

### No. 8772.

Circuit Court of Appeals, Ninth Circuit.

June 27, 1938.

Fred H. Lysons, of Seattle, Wash., for appellant.

J. Charles Dennis, U. S. Atty., Gerald Shucklin, Asst. U. S. Atty., and J. P. Sanderson, U. S. Immigration Service, all of Seattle, Wash., for appellee.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

The appellant applied for admission into the United States at the Port of Seattle upon his arrival from China, where he was born. He was denied admission and held for deportation. He applied for writ of habeas corpus, which was denied, and appeals from the order remanding him to custody.

Appellant's alleged father, Chin Oak Leong, is a native born citizen of the United States, and through him appellant claims citizenship therein.

The question presented by the record is whether or not the appellant was denied due process of law by the immigration authorities in the consideration of his application for admission. This claim is based upon the contention that the rejection of appellant's testimony was arbitrary. Respondent claims that the rejection of such testimony was justified by reason of its unreliability as shown by the numerous discrepancies therein. We thus have the usual question of discrepancies presented to us in these proceedings.

Chin Oak Leong testified before the Board that the appellant was his son, born in China. The immigration records show that the alleged father returned from China in 1912. Six years later, in 1918, the alleged father, when registering for selective service in the army during the World War, in a questionnaire asking for the name, age and present residence of each of his children, named one son, Chin Ming Foon, five years old, residing at Canton, China, with his mother. In 1930 this son, Chin Ming Foon, was admitted to the United States. At that time the alleged father named the present applicant as the twin brother of Chin Ming Foon.

■ Without consideration of a number of other discrepancies in the testimony of the alleged father, we think the inconsistency between the statement of the father in 1918 that he had only one son five years of age, and the statement in 1930 that he then had twin sons, justified the rejection of his entire testimony. The only other testimony to support the claim of the appellant that he was the son of his alleged father is that of the appellant himself. While this testimony was competent (Lee Hin v. U. S., 9 Cir., 74 F.2d 172) it is not entitled to great weight.

■ There are a number of discrepancies between the testimony of the appellant and

his alleged father which tend to discredit appellant's testimony. The Board pointed out that the alleged father returned to China in 1935, the first time he had been there since 1912. He testified he was met at the railway station by the appellant only. Appellant testified that he and his mother met the alleged father at the railway station. There are only seven houses in the village. The appellant testified that the oldest child in the home of the family immediately in front of appellant's home in China was a daughter who was no longer living at home, and that there are two sons in the family. The alleged father testified that there are two sons in that family but that the youngest child was a daughter about 15 years of age who was going to school, while the appellant had testified there were no girls of school age living in the home village. Appellant testified the school house in the home village had been closed for six or seven years, but the alleged father testified that it was open the year before he arrived.

We cannot say that the rejection of the applicant's testimony in the light of these discrepancies is unreasonable as they directly bear upon the question of whether or not he actually lived in the same home with his alleged father in China.

Order affirmed.